IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

GEORGE DANIEL LUSTER, JR.,        §
                                  §
v.                                §        C.A. NO. C-07-315
                                  §
STATE OF TEXAS.                   §

## OPINION AND ORDER OF TRANSFER

This is a habeas action filed by a state prisoner pursuant to 28 U.S.C. § 2254.  He is being

held at the Texas Department of Criminal Justice, Criminal Institutions Division's McConnell

Unit, which is located in Beeville, Texas.

Petitioner is challenging his conviction and sentence in the 264th Judicial District Court

in Bell County, Texas for aggravated sexual assault.  (D.E. 1, at 2).  In Ground One, he claims

that he was denied his constitutional right to effective assistance of counsel at trial.  Id. at 7-9.  In

Ground Two, he claims that his conviction was obtained by the prosecution's failure to tell

petitioner about favorable evidence.  Id. at 7, 10.  In Ground Three, he claims that his conviction

was obtained through the use of a coerced confession.  Id.  In Ground Four, he claims that he was

denied his constitutional right to effective assistance of counsel at his revocation hearing.  Id. at

11-13.  In Ground Five, he claims that his conviction was obtained in violation of his right to

protection against double jeopardy.  Id. at 14.

A habeas action may be filed either in the district where petitioner is in custody, or in the

district in which petitioner was convicted.  28 U.S.C. § 2241(d); Wadsworth v. Johnson, 235

F.3d 959, 960-61 (5th Cir. 2000).  Within the context of § 2241(d), courts have traditionally held

that the most appropriate venue for challenges to the legality of a conviction is in the district

court for the district where the State conviction and sentence occurred, while challenges to the

implementation of the sentence, such as prison disciplinary matters, should be considered in the district court for the district where such person is in custody. Story v. Collins, 920 F.2d 1247, 1250-51 (5th Cir. 1991). The Fifth Circuit explained the basis for choice of venue as follows:

> Under 28 U.S.C. § 2241(d), state convicts may file federal habeas corpus petitions in the district where they are confined or where they were convicted. The purpose of this, of course, is to provide a more convenient forum for witnesses.... Section 2241(d) militates in favor of filing the applicant's petition in ... the division where the witnesses are located, rather than in ... the division in which the applicant is confined.

Mitchell v. Henderson, 432 F.2d 435, 436 (5th Cir. 1970) (citation omitted).

Petitioner was convicted and sentenced on October 14, 2004 in the 264th Judicial District Court in Bell County, Texas, (D.E. 1, at 2), which is located in the Waco Division of the Western District of Texas. See 28 U.S.C. § 124(d)(2). A district court for the district wherein an application for habeas corpus has been filed may, in its discretion and in the furtherance of justice, transfer the petition to a more appropriate district for disposition. See 28 U.S.C. § 2241(d). Should an evidentiary hearing ever be necessary in this case, the evidence and any witnesses concerning the petitioner's criminal proceedings are more likely to be found in the county where his conviction was entered.

Accordingly, it is ordered that the Clerk of the Court TRANSFER this action to the United States District Court for the Western District of Texas, Waco Division.

ORDERED this _____27th_____ day of _____July_____ 2007.

JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE

2